UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| HENRY LEE SANDERS | ) | |
| 3253 VINE STREET | ) | COMPLAINT |
| CINCINNATI, OH 45220 | ) | |
| | ) | |
|            Plaintiff | ) | |
| | ) | Civil Action No. _____ |
| VS. | ) | |
| | ) | |
| JAMES WILBER, | ) | |
| INDIVIDUALLY | ) | |
| AS AN OFFICER | ) | |
| FOR THE FLORENCE | ) | |
| POLICE DEPARTMENT | ) | |
| 8100 EWING BLVD # 42 | ) | |
| FLORENCE, KENTUCKY 41042 | ) | |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| KELLI CHAPMAN, | ) | |
| INDIVIDUALLY | ) | |
| AS AN OFFICER | ) | |
| FOR THE FLORENCE | ) | |
| POLICE DEPARTMENT | ) | |
| 8100 EWING BLVD # 42 | ) | |
| FLORENCE, KENTUCKY 41042 | ) | |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| PATRICK TAYLOR, | ) | |
| INDIVIDUALLY | ) | |
| AS AN OFFICER | ) | |
| FOR THE FLORENCE | ) | |
| POLICE DEPARTMENT | ) | |
| 8100 EWING BLVD # 42 | ) | |
| FLORENCE, KENTUCKY 41042 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| DJ HUTCHERSON, | ) | |
| INDIVIDUALLY | ) | |
| AS AN OFFICER | ) | |
| FOR THE FLORENCE | ) | |

| | |
|---|---|
| POLICE DEPARTMENT | ) |
| 8100 EWING BLVD # 42 | ) |
| FLORENCE, KENTUCKY 41042 | ) |
| | ) |
| AND | ) |
| | ) |
| TOM GRAU, | ) |
| INDIVIDUALLY | ) |
| AS CHIEF OF POLICE | ) |
| FOR THE FLORENCE | ) |
| POLICE DEPARTMENT | ) |
| 8100 EWING BLVD # 42 | ) |
| FLORENCE, KENTUCKY 41042 | ) |

*************

Comes the Plaintiff, Henry Sanders, by and through counsel, and for his Complaint against the above Defendants and hereby states as follows:

**PRELIMINARY STATEMENT**

1.      This case presents multiple claims against law enforcement officers within the Florence Police Department arising from an incident in which officers for the Florence Police Department used excessive force, engaged in police brutality and corruption, excessively charged Henry Sanders ("Henry") with disorderly conduct, second degree and violated Henry's civil and constitutional rights under color of law pursuant to 42 USC §1983.

**JURISDICTION AND PARTIES**

2.      This action arises under 42 U.S.C. §1983 and the Plaintiff is seeking redress for the violations of his constitutional rights under the 4th Amendment.

3.      The United States District Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this judicial district under 28 U.S.C. §1391 because all claims arose in Boone County, which is located within the geographic area covered by the Eastern District of Kentucky.

5. Henry is an adult resident of Hamilton County, Ohio, and resided there at the time of the events that gave rise to this claim.

6. The Florence Police Department is a Kentucky government body that is charged with the duty to provide law enforcement services and protection for the City of Florence and the Commonwealth of Kentucky.

7. Tom Grau was the chief of the Florence Police Department at the time of the subject incident. He is named in this lawsuit in his individual capacity.

8. James Wilbur, Kelli Chapman, Patrick Taylor, "D.J." Hutcherson, are police officers who worked for the Florence Police Department at the time of the subject incident. The officers are named in this lawsuit in their individual capacities.

## STATEMENT OF FACTS

9. On November 11, 2022, Florence police officers, including Defendant Wilbur stopped Henry while he was driving his car, drew his firearm on Henry, yelled loudly at Henry in a demeaning manner, handcuffed Henry, and detained Henry on the side of the road near Burlington Pike and Utz Avenue in Boone County, Kentucky. Chapman, Taylor, and Hutcherson arrived subsequent to the stop to provide back up.

10. Wilbur had wrongly identified Henry's car as stolen, when in reality it had been stolen and recovered.

11. Henry is the individual who reported the car stolen.

12. The Florence Police Department is composed of the individuals who failed to correct the record that the car was no longer stolen since the victim on the stolen vehicle report, Henry Sanders, was the individual driving the car.

13. When Henry complied with officers' demands that he exit the vehicle, he was handcuffed and interrogated without being Mirandized.

14. Although Defendant Wilbur drew up a citation (attached as Exhibit 1) that claimed that

Henry was arrested for stealing his own car, that assertion (made by public officials acting in their public capacity in drawing up a public record) was knowingly false.

15. When the police officer defendants did a thorough database search of the vehicle, it was revealed to be recovered. Thus, Defendant officers knew no crime had been committed.

16. Defendant officers nevertheless refused to uncuff Henry and release him.

17. Instead, Defendant Wilbur charged Henry with disorderly conduct, second degree, under KRS 525.060.

18. According to the charging instrument, (Exhibit 1) the basis of this charge was that 1) "the owner of a nearby business exited his establishment and asked officers if everything had been okay," and 2) "other vehicles had been passing while the above was acting in the disruptive manner."

19. Neither of those claims give rise to a charge of disorderly conduct, second degree, as Sanders' behavior neither created probable cause to believe he manifested intent to cause public inconvenience, annoyance, or alarm, or wantonly created a risk thereof.

20. A nearby business owner conversing with police officers does not support a finding of probable cause for disorderly conduct, second degree, nor does the presence of cars on a public road.

21. As such, the charge was dismissed with prejudice by the Boone County Attorney on May 10, 2023, as shown in the CourtNet print-out attached to this Complaint as Exhibit 2.

22. During the course of the false arrest, the Defendants impounded and confiscated Henry's car.

23. Despite knowing Henry was guilty of nothing, the Defendants did not return the car to Henry.

## <u>COUNT I -- DEPRIVATION OF RIGHTS UNDER THE FOURTH AMENDMENT AND 42 U.S.C. §1983 – UNREASONABLE SEARCH AND SEIZURE/EXCESSIVE FORCE</u>

24. Plaintiff re-alleges and incorporates by reference paragraph 1 through 23 as though fully

stated herein.

25.     That the conduct of the Defendants was subject to 32 U.S.C. §§1983, 1985, 1986, and 1988.

26.     The Defendants, acting under color of law, deprived Henry of his substantial rights secured by the United States Constitution and other laws, along with his constitutional right to equal protection of the laws.

27.     The aforementioned actions of defendant officers, as described in this Complaint, caused Henry to be physically restrained and then subjected Henry to false and malicious charges that violated Henry's civil and constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable searches and seizures of his person and the right to be free from the use of excessive, unreasonable and unjustifiable force.

28.     The Defendants, who were acting under color of law, alone or in concert with one another, caused specific and serious pain and suffering and were 1) excessive and unreasonable, (2) done intentionally, willfully, maliciously, with a deliberate indifference to and/or with a reckless disregard for the natural and probable consequences of their acts and (3) done without lawful justification or reason.

29.     As a direct and proximate result of Defendants' wrongful acts and omissions, Henry suffered and may suffer in the future substantial and permanent physical and emotional pain and humiliation, attorney fees and medical costs.

30.     As a further result of the events alleged herein, Henry suffered loss of liberty and other constitutional rights mentioned previously.

### COUNT II – LIABILITY OF TOM GRAU & HIS AGENTS

31.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 30 as though fully stated herein.

32. At all times relevant to this Complaint, Defendant, Tom Grau, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the police officers.

33. At all times relevant to this Complaint, said Defendant, Tom Grau, either directly or indirectly, under of color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the police officers heretofore described.

34. At all times relevant to this Complaint, said Defendant, Tom Grau, had in effect policies, practices and customs and usages of encouraging and/or tacitly sanctioning the violation of individual rights.

35. Said Defendants, Tom Grau, was negligent in hiring, retaining, monitoring, supervising and/or failing to take remedial actions.

36. Said Defendant, Tom Grau, inadequately and improperly investigated incidents of police misconduct.

37. Said Defendant, Tom Grau, failed to enforce policies and procedures and legal requirements.

38. Said Defendant, Tom Grau, failed to adequately train, supervise and/or discipline his officers, thereby failing to adequately discourage and prevent further constitutional violations.

39. Said Defendant, Tom Grau, failed to have policies and procedures in place to guard against police misconduct, which was a substantial contributing factor in causing Henry to suffer damages.

40. The wrongful practices, policies, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the Defendant, Tom Grau, to the constitutional rights of persons within the state and were the direct and proximate cause of the damages, including violations of Henry's rights alleged herein.

41. Furthermore, Defendant, Tom Grau is vicariously liable for the acts of his officers.

## COUNT III -- DEPRIVATION OF RIGHTS UNDER
## THE FOURTH AMENDMENT
## 42 U.S.C. §1983 – FALSE ARREST

42.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 41 as though fully stated herein.

43.     Under the Fourth Amendment to the U.S. Constitution, Henry has a right to be free from arrest without probable cause and these rights are enforceable under 42 U.S.C. §1983.

44.     The Defendant officers had no probable cause to believe that Henry was committing or had committed a crime at the time the Defendant officers placed him under arrest.

45.     As a result of his arrest and detention without probable cause by the Defendant officers, Henry suffered and may suffer in the future, physical and emotional pain and humiliation, attorney fees, and medical costs.

## COUNT IV- ASSAULT AND BATTERY-COMMON LAW CLAIMS

46.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 45 as though fully stated herein.

47.     By the conduct and actions described herein, the Defendant Wilbur, committed the torts of assault and battery upon the Plaintiff.

48.     Defendant Wilbur had physical contact with the Plaintiff, which was intentional, unauthorized and grossly offensive.

49.     Defendant Wilbur intentionally placed Plaintiff in imminent fear of bodily injury, committing the tort of assault.

50.     The actions of the Defendant Wilbur named in numbered paragraph 47 were intentional, reckless, unwarranted, nonconsensual and without any just cause or provocations.

51.     As a direct and proximate result of the foregoing, Plaintiff was subjected to physical and

emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

## COUNT V- FALSE IMPRISONMENT

52.    Plaintiff re-alleges and incorporates by reference paragraph 1 through 51 as though fully stated herein.

53.    Police officer defendants intentionally restrained the Plaintiff, confined him against his will, and deprived him of liberty of movement without his consent.

54.    Plaintiff was aware of the confinement and suffered pain and mental anguish as a result.

55.    As a proximate and substantial result, Plaintiff has suffered physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

## COUNT VI - OFFICIAL MISCONDUCT

56.    Plaintiff re-alleges and incorporates by reference paragraph 1 through 55 as though fully stated herein.

57.    All Defendants, public servants acting under color of law, intended to injure Plaintiff and deprive him of his civil rights while knowingly (1) engaged in conduct related to his office and which constituted an unauthorized exercise of his official functions, (2) refrained from performing a duty imposed upon him by law or clearly inherent in the nature of his office and/or (3) violated a statute or lawfully adopted rule or regulation relating to their office.

58.    All Defendants' conduct, including but not limited to falsifying a public document, violated K.R.S. §522.020 and caused Plaintiff to suffer damages.

59.    Pursuant to K.R.S. § 446.070, the Plaintiff is entitled to recover damages from the Defendant for the Defendants' violations of K.R.S. § 522.020.

## COUNT VII – NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE

60.    Plaintiff re-alleges and incorporates by reference paragraph 1 through 59 as though fully stated herein.

61.     As a result of the Defendant Officers' conduct, Defendant Officers breached their respective duties of care to or in favor of Henry and were negligent and/or grossly negligent.

62.     That pursuant to KRS § 446.070 "(a) person injured by the violation of any statute may recover from the offender such damages he sustained by the reason of the violation although a penalty or forfeiture is imposed for such violation."

63.     That the Defendant officers named in numbered paragraph 61 knew or should have known of their obligations to not cause serious physical injury to Henry, and/or not manifest an extreme indifference to the value of Henry's life by engaging in conduct which created a grave risk of death to Henry.

64.     That actions of the Defendant officers named in numbered paragraph 61, caused Henry to suffer physical, mental, and emotional injuries.

65.     That had the Defendant officers named in numbered paragraph 61 not engaged in conduct manifesting an extreme indifference to the value of Henry's life, he would not have suffered injuries.

66.     That the failure of the Defendant officers, to refrain from causing serious physical injury to Henry, and/or manifest an extreme indifference to the value of Henry's life by engaging in conduct which created a grave risk of death to Henry, was a breach of their duty of care and were negligent and/or grossly negligent.

### COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ OUTRAGEOUS CONDUCT

67.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 66 as though fully stated herein.

68.     Defendants' conduct as described exceeded all reasonable bounds of decency and was extreme, outrageous, and utterly intolerable in a civilized community. Defendants intended to and did cause Plaintiff to suffer severe emotional distress.

69.     Defendants' conduct was the direct result and proximate cause of injury and damage to

Plaintiff and violated his statutory and common law rights for which he is entitled to recover.

### COUNT IX – MALICIOUS PROSECUTION

70.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 69 as though fully stated herein.

71.     Defendant police officers, individually and collectively, maliciously, and intentionally, caused Henry to be subject to a wrongful prosecution for the offense of disorderly conduct.

72.     Defendant officers named in numbered paragraph 71, initiated, continued, and procured a criminal proceeding against Henry and did so without probable cause to achieve a purpose other than bringing Henry to justice.

73.     Henry has suffered damages because of the criminal proceeding against him including, but not limited to, his attorney fees.

### COUNT X - CONVERSION

74.     Plaintiff re-alleges and incorporates by reference paragraph 1 through 69 as though fully stated herein.

75.     The car that Defendants impounded legally belonged to Plaintiff.

76.     Defendants had no legal right to impound the car.

77.     Plaintiff had possession of the car prior to the impoundment.

78.     By impounding the car, Defendants denied Plaintiff's rights to use and enjoy the car and exercised dominion over the car to the Defendants' own use and beneficial enjoyment.

79.     Plaintiff asked for the return of that car, but the cost of storage fees outweighed the value of the car.

80.     The wrongful impoundment of the car was the legal cause of Plaintiff's loss of the car.

81.     By losing the car, Plaintiff suffered damage.

WHEREFORE, Plaintiff, Henry Sanders, demands the following relief:

1.      Compensatory damages as supported by evidence and determined by a jury;

2.      Punitive damages;

3.      Attorney fees;

4.      Court costs;

5.      Leave to amend his Complaint;

6.      Pre-judgment and post judgment interest;

7.      Trial by jury;

8.      Any and all other relief to which he is properly entitled in law and equity.

RESPECTFULLY SUBMITTED,

/s/ Aaron Kemper
AARON KEMPER
*Attorney for Plaintiff*
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
kemper.aaron@gmail.com

/s/ Benjamin Potash
BENJAMIN POTASH
*Attorney for Plaintiff*
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
potashlaw@gmail.com